OPINION
{¶ 1} Appellant, Misty Hall, appeals a decision of the Probate Division of the Clermont County Court of Common Pleas, granting the adoption petition of appellee, Crystal Drake.[1] We affirm the trial court's decision.
 {¶ 2} Elianna Faith Christian Drake was born on January 10, 2000 to Paul Drake and Misty Hall. In August 2000, Elianna and Hall's other two children were removed from Hall's home pursuant to an emergency custody order. Hall was convicted of child endangerment and incarcerated. Paul Drake was granted custody of Elianna.
 {¶ 3} On January 23, 2002, Paul's wife, Crystal Drake, filed a petition to adopt Elianna. The petition alleged that, pursuant to R.C.3107.07, Hall's consent was not required because she had failed to support or communicate with Elianna for a period of one year prior to filing the petition. On March 6, 2002, the petition was served on Hall, who was incarcerated in the Muskingum County Jail on theft charges. Hall filed objections to the adoption and a request for a court-appointed attorney on April 1, 2002.
 {¶ 4} The trial court denied Hall's request for appointed counsel and set a date for a hearing on the adoption petition. Hall sent letters to the trial court requesting that an attorney be appointed to represent her in the adoption proceedings. A hearing was held on July 16, 2002. Hall was not present, nor was she represented by counsel. After the hearing, the trial court found that Hall's consent to the adoption was not required and granted a final decree of adoption.
 {¶ 5} Hall now appeals the trial court's decision, raising the following single assignment of error:
 {¶ 6} "The Trial Court Erred In Denying Appellant's Request For Appointed Counsel At The Adoption Consent Hearing."
 {¶ 7} In her assignment of error, Hall contends that the trial court violated her due process rights by denying her petition for court-appointed counsel. Litigants in civil actions have no generalized right to appointed counsel. Roth v. Roth (1989), 65 Ohio App.3d 768,776. In Lassiter v. Dept. of Social Services of Durham County (1981),452 U.S. 18, 101 S.Ct. 2153, the United States Supreme Court held that generally such rights are recognized only when the litigant's interest in personal freedom may be impaired. In Lassiter, the Court determined that the Constitution does not require the appointment of counsel in every parental termination proceeding.
 {¶ 8} State statutes may provide a right to appointed counsel which exceeds constitutional requirements. State ex rel. Asberry v.Payne, 82 Ohio St.3d 44, 46, 1998-Ohio-596. In Ohio, R.C. 2151.352 and Juv.R. 4 provide that an indigent parent is entitled to appointed counsel in all stages of juvenile proceedings under the jurisdiction of the juvenile court.
 {¶ 9} The right to appointed counsel has also been found when the state initiates certain civil proceedings against parents. The Ohio Supreme Court found that "in actions instituted by the state to force the permanent, involuntary termination of parental rights, the United States and Ohio Constitutions' guarantees of due process and equal protection of the law require that indigent parents be provided with counsel and a transcript at public expense for appeals of right." State ex rel. Hellerv. Miller (1980), 61 Ohio St.2d 6, 13-14. The right to appointed counsel has also been extended to paternity cases in which the state is an adversary, State ex rel. Cody v. Toner (1983), 8 Ohio St.3d 22; see, also, Anderson v. Jacobs (1981), 68 Ohio St.2d 67 (state must pay for paternity blood tests where state is a party to proceedings).
 {¶ 10} However, unless the right to appointed counsel is granted by statute or the proceeding has been instituted by the state, a litigant in a civil action does not have a right to appointed counsel. See Stateex rel. Armstrong v. Hall (1986), 33 Ohio App.3d 1 (no right to counsel for complainant in a paternity action); In re Miller (1984),12 Ohio St.3d 40 (no constitutional requirement to appointed counsel at temporary custody hearing); Sheppard v. Mack (1980), 68 Ohio App.2d 95;Wheeler v. Nutter (Apr. 1, 1983), Huron App. No. H-82-27 (no right to appointed counsel in paternity proceedings); Wall v. Wall (Oct. 29, 1999), Williams App. No. WM-99-006 (no right to appointed counsel in child support review hearings); Bratcher v. Bratcher, Wayne App. No. 01CA0014, 2001-Ohio-1657, (no right to appointed counsel in divorce action where main issue litigated concerned parental rights and custody).
 {¶ 11} Turning to the facts of the case at bar, we find nothing that would require the trial court to appoint counsel for Hall. The case was initiated by a third party, the child's stepparent, not the state. The case was instituted as an adoption petition in probate court, not a termination of parental rights in juvenile court.
 {¶ 12} Hall argues that although the state did not institute this action, it set in motion the chain of events that culminated in the adoption petition. She argues that the state had a role because it removed the child from her home and placed her with Paul Drake.
 {¶ 13} However, we find this connection too tenuous to be considered state action in the adoption petition filed by a third party. When Elianna was removed from Hall's home and custody granted to Paul Drake, the state did not seek to terminate Hall's parental rights. The adoption petition was filed by Elianna's stepmother acting solely as a private party. We cannot find that the state's action in removing the child from Hall's home transformed the later adoption petition into one involving state action. Appellant's assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.